In the United States Court for the District of Maryland

FILED _____ ENTERED
LOGGED _____ RECEIVED

DEC - 4 2020

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NRHH DEPCELL BUK

Nicole Y. Winston
12303 Proxmire Drive
Fort Washington, MD 20744
(Prince George's County)

     *Plaintiff*

v.                               Civil Action:_____PX 20 cv 3539_____

                                                  (No Jury Requested)

Prince George's County Department of Health
Dr. Ernest L. Carter, Health Officer
1701 McCormick Drive, Ste. 200
Upper Marlboro, MD 20774
(Prince George's County)

     *Defendant*

### Civil and Constitutional Complaint

1    I, Nicole Yvette Winston, am the Pro Se Plaintiff in this complaint against the Prince George's County

Department of Health for the following causes of actions and claims:

42 U.S.C. § 1983 (civil action for deprivation of rights)

14th Amendment of the U.S. Const. (substantive due process)

4th Amendment of the U.S. Const. (right to privacy)

Article 24 and Article 19 of Maryland Declaration of Rights

Article 5 of the Universal Declaration of Human Rights

45 C.F.R. § 46.116 (requirements for inform consent regarding human subject research)

Md. Health-General Code Ann. § 13-2002 (compliance with federal regulation)

1

Negligence (breach of duty provides for the following tort causes of actions)

Battery

Harassment

Intentional infliction of emotional distress

Conspiracy

## Jurisdiction and Venue

2     This case arises under the United States Constitution and the laws of the United States and presents

federal questions within the Courts subject matter jurisdiction according to *28 U.S.C § 1331* and venue is

proper in the United States District Court of Maryland according *28 U.S.C. § 1391(b)(2).*

## Background

3     Since July 2017 I have been contact with the Prince George's County Department of Health in regards

to tampering of various purchased products from local stores. I was informed by Debra Freeman by email

on July 12, 2017 that my complaints were a Police matter, however Sgt. Rodney Gause in October 2017

provided by phone that my complaints were a Department of Health matter. In addition to the tampering,

in June of 2018, I informed the DOH of intentional exposure of a biological irritant, however just as with

the tampering, I was not provided with any information nor help. Another contact was made in July of

2019 by certified mail addressed to Dr. Ernest Carter, however nothing has been done in regards to any

of my complaints and the situation still to this day becomes progressively worse. Documents attached to

include the county complaints made via 311 website from June 20, 2017 to February 23, 2020 which is a

total of 72 county complaints.

4      There are many various sorts of food, products, and even at times prescription and non-prescription medications that are being tampered with that are purchased at different stores at different times. Some items are more easily accessible for tampering such as a bottle of lotion, but there has been a number of sealed products that were tampered as well. The one consistent harm resulting from the tampering is the drastic loss of facial volume and/or body mass and the effect takes place at the very time of the exposure or shortly thereafter. I have returned many items to the store purchased with the thought that these items would be evaluated for problems, however as provided the tampering has only gotten worse. Because of the various sorts of items, it is my position that these are not manufacturing issues but that I am the sole subject of this, which means I am being targeted and harassed by what has to involve to some extent government resources. The constant harm and how I am being harmed were the reasons why I continued to make contact with the local Department of Health.

5      The health department would either have knowledge of the problems at hand or would investigate my citizen complaints to inform and help put a stop to what could reasonably be considered an egregious harm and a form of harassment. Thus, it is my claim that due to the neglect of the Prince George's County Department of Health to investigate, inform, and help put a stop to the offensive production of tampering and biological irritant exposure, many of my human, civil, and constitutional rights as provided are being violated.

6      To help establish the local Department of Health as an appropriate contact, I am also a Medicaid recipient and my complaints have been provided to physicians for medical care, however I am receiving insufficient medical care under the state program, which would provide for my **conspiracy** claim of being the target for the intentional harm in the manner provided, then I am not provided the necessary

government help nor the requested medical care. Once again, it is my position that the Department of Heath would have a duty to investigate, inform, and help stop the issues being complained of. *MD Health-Gen. Code § 3-202 (a) (1) Except as provided in paragraph (2) of this subsection, each county board of health shall exercise the duties imposed by law on a board of health. MD Health-Gen. Code § 3-202 (d) In addition to the other powers provided by law and subject to the provisions of this article, each county board of health may adopt and enforce rules and regulations on any nuisance or cause of disease in the county.*

**The Prince George's County Department of Health's website provides:**

Vision

A healthy and thriving Prince George's County that:

- Provides **access to quality health care** services for all
- Provides **policies and services** that are culturally appropriate and acceptable
- Partners with **individuals, organizations and communities** to accept responsibility for disease, injury and disability prevention and health advancement
- Ensures individuals and communities **can achieve the best health** possible

Mission

The mission of Prince George's County Health Department is to:

- **Protect** the public's health
- **Assure** availability of and access to quality health care services
- **Promote** individual and community responsibility for the prevention of disease, injury and disability

*https://www.princegeorgescountymd.gov/1939/About-Us#:~:text=Ensures%20individuals%20and%20communities%20can%20achieve%20the%20best,for%20th e%20prevention%20of%20disease%2C%20injury%20and%20disability*

**Claims and Causes of Actions**

7       ***42 U.S.C. § 1983*** *(civil action for deprivation of rights)*

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

*(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)*

8       It is my claim that the local Department of Health has a **duty of care** to its residents to ensure the protection of good health of its residents. That there is a duty to investigate, inform, and aid in the prevention of harm of its residents (by way of any food, product or any other sort of contamination.) It is my position that the local Department of Health breached its duties (as provided) and as a result, I have been subjected to years of harassment and harm and the harm to include the drastic changes in appearance. I never have been informed of anything by the local Department of Health as it pertains to the tampering and biological exposure nor has any of the tampering and intentional exposure ever stopped.

9       As a U.S. citizen and a resident of Prince County I have the right to be free of harm from any products purchased from stores. I also have the right to be free of intentional biological exposure, which creates an undue burden with severe contamination of hair, body, clothes, and home (my list of county complaints

attached). Anything (government involved or under the color of law) that puts significant constraints on liberty (which is the freedom from all restraints except those justly imposed by law, *1990 Black's Law Dictionary 6th ed.*) would be violations under the 14th Amendment and Article 24 of the State Constitution***. It is my claim that the tampering and exposure as provided is a deprivation of liberty rights under Article 24 of the State Constitution as well as a substantive due process violations under the 14th Amendment, thus providing for my 1983 claim against the local Department of Health. My addition constitutional claim is that my 4th Amendment right to privacy is being violated as well.***

*Establishing Duty of Care under Negligence*

10      According to *Horridge v. St. Mary's Cty Dept. of Social Services, 854 A2.d 1232, 382 Md. 170 (Md., 2004)*, which is a child neglect case in which the Plaintiff, the father of child subject of the case, alleges that DSS failed to do a thorough investigation and take appropriate action in regards to reported abuse by the boyfriend and/or child's mother.  Under the negligence duty section of the case, the elements for this cause of action are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant branched the duty, (3) that the plaintiff suffered actual injury or loss, (4) that the loss or injury proximately resulted from the defendant's breach of duty." *Id. at 1238*.  This case goes on the analyze the duty of care required for the facts of this case.

11       As similarly provided for the *Horridge* case, I am providing that that the Prince George's Department of Health has a a duty of care to me due to the special relationship that exist by law. My claim is that the local Department of Health has a duty to investigate, inform, and help prevent the harm

6

complained of and that this agency neglected these duties resulting in constitutional deprivations as provided.

12      My complaint consists of U.S. Constitutional violations thus not subjected to Maryland's Local Government Tort Claims Act requirements nor is immunity applicable under the 11th Amendment. *Mitchell v. Hous. Auth. of Baltimore City, 200 Md. App. 176, 26 A.3d 1012 (Md. App., 2011)* provides under the State Sovereign Immunity and Immunity of Local Governments in Maryland section that "Irrespective of the nature of the conduct in which local governments are engaged, they have no judicially-conferred law immunity from liability for certain types of torts, such as nuisance, or state or federal constitutional torts or torts based on federal statutory violations." *Id. at 1017*.

13      The *Mitchell* case, which is actually a Local Government Tort Claims Act case, provides under the LGTCA Generally section that on July 1, 1987 the Maryland General Assembly enacted the Local Government Tort Claims Act (LGTCA), in which it provided for notice requirements for tort claims against Maryland counties and municipalities.  *Id. at 1020*.

14      The *Houghton v. Forrest, 959 A.2d 816, 183 Md. App. 15 (Md. App., 2008)*, which is another Local Government Tort Claims Act case provides under section (e) that "The LGTCA applies to suits against a local government or an employee of a local government occurring on or after July 1, 1987, C.J. § 5-301; *Thomas v Annapolis, 113 Md. App. 440, 457, 688 A2d 448 (1997)*.  An employee is identified as 'any person who was employed by a local government at the time of the act or omissions giving rise to potential liability against that person.' C.J. § 5-301(c)(1)." ... "The LGTCA applies to all tort claims, including intentional and constitutional torts. See *id. at 130, 928 A2d 795* (stating that the LGTCA's protections 'does

7

not appear to exclude liability for intentional torts'); *DiPino 354 Md. at 49-56. 729 A2d 354*; *Ashton, 339 Md. at 107-08 n. 19, 123-24, 660 A2d 447*; see *also Lee, 384 Md. at 258, 863 A2d 297* (describing *DiPino* and *Ashton* as '[h]olding that there was coverage under the [LGTCA] for certain intentional and constitutional torts')".

15      However as provided, the LGTCA application is for state constitutional torts and not for claims that include federal violations. *Espina v. Jackson, 442 Md. 311, 112 A.3d 442 (Md. App., 2015)* another LGTCA case provides that the Court previously referred to constitutional violations as constitutional torts. "As this Court explained in *DiPino v. Davis*, we have characterized civil violations of the State Constitution protections as constitutional torts, which seems to be the common appellation now applied to them." Case further citing *354 Md. 18 , 50, 729 A2d 354, 371 (1999)* (citation omitted) and *Ashton v Brown, 339 Md. 70, 104, 660 A2d 447, 464 (1995)* (referring to a violation of the state constitution as a "constitutional tort"). *Id. at 451.*

16      ***14th Amendment*** *(substantive due process)*

*Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.*

17      "Doctrine that due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution require legislation to be fair and reasonable in content as well as application. Such may be broadly defined as the constitutional guarantee that no person shall be arbitrarily deprived of his life, liberty or property. The essence of substantive due process is protection from arbitrary and unreasonable

action." *Case cited Jefferies v. Turkey Run Consolidated School Dist., C.A. Ind., 492 F.2d 1, 3 (1990 Black's Law Dictionary 6th ed.).*

18     1983 imposes liability for violations of rights protected by the U.S. Constitution. *Waybright v. Frederick County, Md. 528 F.3d 199 (4th Cir., 2008)* section A. The substantive due process clause of the 14th Amendment "was intended to protect government from abusing its power, or employing it as an instrument of oppression." *Id., section A* citing the *DeShaney* case *489 U.S. at 196, 109 S. Ct. 998*. Furthermore, where the State is in a special relationship to a private individual, it acquires a **duty to act** on that individual's behalf and its failures to act are measured on a deliberate indifference standard. *Id., sec. B,* referencing *DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 197-200, 109 S. Ct. 998, 103 L.Ed.2d 249 (1989).*

19      It is my claim that the local Department of Health has a duty of care to its residents to ensure the protection of good health of its residents and that there is a duty to investigate, inform, and aid in the prevention of harm of its residents (by way of any food, product or any other sort of contamination.) It is my position that the local Department of Health breached its duties as provided and as a result, I have been subjected to years of harassment and harm and the harm to include the drastic changes in appearance. I never have been informed of anything by the local Department of Health as it pertains to the tampering and biological exposure nor has any of the tampering and intentional exposure ever stopped.

20      As a result my substantive due process rights under the 14th Amendment are being violated due to the Department of Health's neglect to act accordingly under a government duty, thus a violation of my

liberty interests (no person shall be denied life, liberty or property without due process of law). "Substantive due process protects fundamental rights created by the Constitution." *Samuels v. Tschechtelin, 135 Md. App. 483 , 763 A.2d 209 (Md. App. 2000). Id. at 237* under the substantive due process section citing *Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1142 n. 10 (4th Cir.1990) (*citing *Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229-30, 106 S.Ct. 507, 515-16, 88 L.Ed.2d 523 (1985)*. Case further provides under the 1983 section that "the right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action *(or inaction)* that violates that Clause (no matter how unclear it may be that the particular action     *(or inaction)* is a violation) violates a clearly established right." *Id. at 249*.

### 14th Amendment liberty interests

21     *Samuels v. Tschechtelin, 135 Md. App. 483 , 763 A.2d 209 (Md. App. 2000)* provides that under Supreme Court jurisprudence, in addition to those freedoms enumerated in the federal Bill of Rights, an individual's 14th Amendment liberty interest includes bodily integrity. *Id. at 238.*

22     "Bodily integrity is the inviolability of the physical body and emphasizes the importance of personal autonomy, self-ownership, and self-determination of human beings over their own bodies. In the field of human rights, violation of the bodily integrity of another is regarded as an unethical infringement, intrusive, and possibly criminal." *Wikipedia*. An August 18, 2018 article from the *Child Rights International Network* website provides,

> Everyone, including children, has the right to autonomy and self-determination over their own body, and the only person with the right to make a decision about one's body is oneself—no one else. This is the principle of bodily integrity, which upholds everyone's

10

right to be free from acts against their body which they did not consent to. Practices that violate a person's bodily integrity can range from piercing a baby girl's ears or being exposed to toxic chemicals without one's knowledge, to forms of violence such as rape or medical treatment administered against a patient's wishes.

*https://home.crin.org/readlistenwatch/stories/2020/5/6/the-three-ws-of-childrens-bodily-integrity?rq=body%20integrity*

23     As provided, the tampering that has been exposed by various sorts of food and consumer products has resulted in the drastic changes of appearance. There is instant loss of facial volume and sometimes a reduction in body mass as well as hormonal changes that has resulted in a much smaller feminine physique. These are changes to my body that I did not consent to which would provide for my claims under **45 C.F.R. § 46.116** (general requirements for informed consent regarding human subject research) and **Md. Health-General Code Ann. § 13-2002** (compliance with federal regulations regarding human subject research).

24     Just as with the product tampering, I have the right to be free from exposure of any biological irritant and such ongoing exposure compromises my liberty interest under the 14th Amendment.  The unknown irritant at hand is quite potent and seems very intentional with the constant re-exposure that has been for over a year now as been noted on calendars. The irritant, which is invisible to the eye and is very irritable, gets into everything such as hair and clothes and does not dissipate on its own without some sort or intense cleaning or washing. If is on your person when you come into the house, it contaminates everything; meaning the furniture, walls, rugs, and even papers. All in which I take time, multiple days out of the week, to vigorously clean, wash, and disinfect. This sort of cleaning is extremely aggravating and not so healthy with the constant exposure to cleaning chemicals.

25   **4th Amendment** *(right to privacy)*

As a supporting *4th Amendment* case, I am providing *King v. Rubenstein, 825 F.3d 206 (4th Cir., 2016)*, which is a case that provides for an inmate's unwanted medical procedure. Case law provides that the 4th Amendment protects " '[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures.' *U.S. Const. amend. IV*. The applicability of the 4th Amendment turns on whether 'the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action.' " *Id. at 214* citing *Hudson v. Palmer , 468 U.S. 517, 525, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)* (*quoting Smith v. Maryland , 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979).*

26   The constant tampering, which is every single day, is emotionally hurtful and extremely aggravating. The harm, which I also consider a form of harassment has not only damaged me physically, but is psychologically disturbing to me as well. When I take the time and spend the money to invest in myself, all the effort is then immediately ruined with the product tampering. The changes are immediate and drastic; providing for a less attractive appearance, even an emaciated look at times. With the everyday exposure, the loss of facial volume has not returned resulting in permanent loss as will be noticeable in available pictures. Along with the above stated federal and state violations, I am also providing for the claims of battery, harassment, and intentional infliction of emotional distress.

27   In regards to the biological irritant, the exposure is constant as well as very potent and takes seriously aggressive cleaning to clear up. I am also providing that this is a nuisance along my 14th Amendment substantive due process violation claim. According to *1990* Black's *Law Dictionary 6th ed.*, a

**public nuisance** is by act or failure to perform a legal duty, intentionally causing and permitting a condition to exist which injuries or endangers the public health, safety or welfare.  As provided in Maryland case of *Jesmer v. Town of Denton (Md. App. 2019), pg. 36,* a public nuisance was similarly defined as "an unreasonable interference with a right common to the general public, such as a condition dangerous to health, offensive to community moral standards, or unlawfully obstructing the public in the free use of public property..." citing the public nuisance definition of *Black's Law Dictionary (7th ed. 1999) at 1095. pg. 36.*

28      Once again, in regards to county complaints made regarding the biological irritant, the local Department of Health has a duty to investigate, inform, and help prevent a public nuisance harm from happening again. However, just as with the product tampering, I have never been informed of anything nor have I received any help to keep the intentional exposure from happening again.

29      ***Article 24 of Maryland Declaration of Rights*** provides "That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land."

30      ***Article 19 of Maryland Declaration of Rights*** provides "That every man, for any injury done to him in his person or property, ought to have remedy by the course of the Law of the Land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to the Law of the Land."

31      **The Universal Declaration of Human Rights Article 5** provides that "No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment."

32      **45 C.F.R. § 46.116** (general requirements for informed consent regarding human subject research) and **Md. Health-General Code Ann. § 13-2002** (compliance with federal regulations regarding human subject research). I did not consent nor would I ever consent to such inhuman treatment. This production that intentionally exposes me to harm, then to receive poor medical care, significantly hinders me from living a healthy, happy, and productive life.

33      **Negligence** according to Horridge v. St. Mary's County Dept. of Social Services, 854 A.2d 1232, 382 Md. 170 (Md. 2004) are the elements of "(1) that the defendant was under a duty to protect plaintiff from injury, (2) that the defendant breached the duty, (3) that the plaintiff suffered actual injury or loss, and (4) that loss or injury proximately resulted from the defendant's breach of duty." Id. at 1238.

34      **Battery** in Nelson v. Carroll, 735 A.2d 1096, 355 Md. 593 (Md. 1999) provides that a battery "occurs when one intends a harmful or offensive contact with another without consent." Id. at 1099.

35      As a supporting battery case, U.S. v. Charters, 829 F.2d 479 (C.A.4 (Va.), 1987), which provides for the individual's interests of a person held in a correctional institute. Case establishes that forcible medication with antipsychotic drugs implicates individual rights to freedom from physical invasion and freedom of thought as well as the right to privacy protected by the Constitution and the common law.

14

36      Case further goes on, under the individual's interests section, to provide that "the right to be free of undesired physical touching traces its origins to the English common law of the middle thirteenth century, *F.W. Maitland, The Forms of Action at Common Law 40, 43, 53 (1985 ed.),* and today is reflected in the tort of battery which protects the individual against even the slightest unconsented touching. *W. Keeton, D. Dobbs, R. Keeton, D. Owen, Prosser and Keeton on The Law of Torts Sec. 9 p. 39 (5th ed. 1984).* The right to be free of unwanted physical contact and its ancient common law origins has been recognized by the Supreme Court:"

37      "No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." Citing to *Union Pacific Railway Co. v. Botsford, 141 U.S. 250, 251, 11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1890)."*

38      "The right to avoid unwanted touching of one's person forms the basis of the doctrine of informed consent. The doctrine of informed consent provides that a patient has a right to be informed of the value and possible consequences of a treatment and to refuse or consent to that treatment.  The right to be free of unwanted physical invasions has been recognized as an integral part of the individual's constitutional freedoms, whether termed a liberty interest protected by the Due Process Clause, or an aspect of the right to privacy contained in the notions of personal freedom which underwrote the Bill of Rights. The right to refuse medical treatment has been specifically recognized as a subject of constitutional protection."

15

39      As provided, I did not consent, nor would I ever, to such inhumane and degrading treatment and

my requests to have the act stopped have not been respected, thus providing for my violations claims

under **45 C.F.R. § 46.116** (general requirements for informed consent regarding human subject research)

and **Md. Health-General Code Ann. § 13-2002** (compliance with federal regulations regarding human

subject research).


40      *Harassmen*t in *Galloway v. State, 781 A.2d 851, 365 Md. 599 (Md. 2011)*, provides for *Maryland*

*Code, (1957, 1996 Repl.Vol., 2000 Cum.Supp.), Article 27, § 123*, the harassment statute, provides:

> (a) Course of conduct defined.—In this section "course of conduct" means a persistent
> pattern of conduct, composed of a series of acts over a period of time, that evidences a
> continuity of purpose. (b) Applicability.—This section does not apply to any peaceable
> activity intended to express political views or provide information to others. (c) Prohibited
> Conduct.—A person may not follow another person in or about a public place or
> maliciously engage in a course of conduct that alarms or seriously annoys another person:
> (1) With intent to harass, alarm, or annoy the other person; (2) After reasonable warning
> or request to desist by or on behalf of the other person; and (3) Without a legal purpose.


41      *Intentional infliction of emotional distress* in *Carter v. Aramark, 153 Md. App. 210, 835 A.2d 262*

*(Md. App. 2003)* provides elements of IIED as 1) intentional or reckless conduct, 2) that is also extreme

and outrageous, 3) with a casual connection between the wrongful conduct and the emotional distress,

and 4) results in severe emotional distress. *Id. at 282*. According to *§ 74 of the 2006 Corpus Juris Secundum*

"any recovery for intentional infliction of emotional distress must be reasonable and justified under the

circumstances. Liability ensuing only when the conduct is extreme." Furthermore, "it must be wanton and

willful, evoking outrage and revulsions, and so egregious that an average member of the community

would regard the conduct as an extraordinary transgression of the bounds of socially tolerable conduct

16

and a complete denial of the plaintiff's dignity as a person, or of such serious import as to naturally give rise to such intense feelings of humiliation, embarrassment, fright, or extreme outrage as to cause severe emotional distress." *(Various sorts of medical help has been an ongoing issue, however my concerns pertaining to this case, which are severely aggravating and infuriating, have been provided to my primary care physician for many years now.)*

42    *Conspiracy* as defined in *Black's Law Dictionary (6th ed. 1990)* provides circumstantial evidence as the proof of certain facts and circumstances in a given case, from which the Court may infer other connected facts. Case cited, *Foster v, Union Starch & Refining Co., Ill.App.2d 346, 137 N.E.2d 499, 502*. *Chain conspiracy*, *229*, is defined as a conspiracy consisting of different activities carried on in a chain-like manner, which serves in the accomplishment of the overall conspiracy. Case cited, *Bolden v. State, 44 Md. App. 643, 410 A.2d 1085, 1091*. I am also providing the supporting case of *Robb v. Wancowicz, 705 A.2d 125, 119 Md. App. 531 (Md. App. 1997)*, which defines *civil conspiracy* as "a combination of 2 or more persons by an agreement or understanding to accomplish an unlawful act to use unlawful means to accomplish an act in itself illegal with the further requirement that the act or the means employed must result in damages to the Plaintiff." *Id. at 126*. *(As provided, for years I have been subjected to the harm and harassment indicated with no help in stopping or reversing the harm.)*

### Tolling of the Statute of Limitations

43    I am filing this lawsuit due to the years of neglect in regards to harm and harassment as provided in this lawsuit. The *Annotated Code of MD, Courts and Judicial Proceedings, § 5-101 (amended 1991)*

17

provides that a civil action of law shall be filed within 3 years from the date it accrues, however I am asserting the 1) discovery rule, 2) continuing harm theory, and 3) fraud as exceptions in having the statute of limitations toll for all my claims and causes of actions.

44      *Rounds v. Maryland-National Capital Park, 109 A.3d 639, 441 Md. 621 (Md. 2015)*, an easement case, provides, a claim accrues generally when the plaintiff suffers the actionable harm. However, the ***"discovery rule"*** is an exception to the rule, which tolls "the accrual date of the action until such time as the potential plaintiff either discovers his or her injury, or should have discovered it through the exercise of due diligence." *Id. at 658*. Case cited, *Poole v. Coakley & Williams Const., Inc., 423 Md. 91, 131 A.3d 212, 236 (2011)*. **(As provided, I submitted county 311 complaints from June 20, 2017 to February 23, 2020. Additional contact was made by email (dlfreeman@co.pg.md.us) on July 12, 2017 in which we later spoke by phone, by email (djlittle@co.pg.md.us) on June 1, 2018 in which we later spoke by phone, by certified letter mailed to Dr. Ernest Carter dated July 22, 2019, and by email (djlittle@co.pg.md.us) on July 25, 2019 in which we later spoke by phone. Within these contacts, I was not informed about anything in regards to the harm and nothing has been done to stop the harm and harassment for happening again.)**

45      *Macbride v. Pishvaian, 937 A.2d 233, 402 Md. 572 (Md. App. 2007)*, a deceptive trade practices case provides, "This Court and Court of Special Appeals have recognized the ***"continuing harm"*** or "continuo us violation" doctrine, which tolls the statute of limitations in cases where there are continuous violations. Cases cited, *Shell Oil Co. v. Parker, 265 Md. at 636, 291 A.2d 67* and *Edwards v. Demedis, 118 Md. App. 541, 562, 703 A.2d 240, 250 (1997)*. "Under this theory, violations that are continuing in nature are not barred by the statute of limitations merely because one or more of them occurred earlier in time."

Case cited, *Shell Oil Co. v. Parker, 265 Md. 636, 291 A.2d at 67*. **(Since my contact with the Prince George's County Department of Health, I have been subjected to ongoing harm and harassment as noted on available calendars.)**

46      *Bacon v. Arey, 40 A.3d 435, 203 Md. App. 606 (Md. App. 2012)*, an easement case, provides, "One general exception to the accrual of the statute of limitations occurs in situations in which a defendant fraudulently conceals the cause of action from the plaintiff 'so as to prevent its discovery by the exercise of due diligence.' *Id. at 463. Bacon v. Arey* goes on to provide that "*CJP § 5-203* specifically provides: 'If the knowledge of a cause of action is kept from a party by the **(fraud)**, the cause of action shall be deemed to accrue at the time the party discovered, or by exercise of ordinary diligence should have discovered the fraud.' " Id. at 463. **(I have not been informed in regards to anything about the harm and harassment by the County Department of Health nor have I ever consented to any sort of programs or operations of harm or harassment, which violates my human, civil, and constitutional rights as provided  as well as 45 C.F.R. § 46.116 (requirements for inform consent regarding human subject research claims) and the Md. Health-General Code Ann. § 13-2002 (compliance with federal regulations).**

***********

47      In conclusion I have a Social Security Disability status, therefore I am seeking a fee waiver in regards to complaint filing cost.

19

**Prayer for Relief**

48      Seeking monetary damages in the amount of $400,000 as well as equitable remedies to include

appropriate injunctions and full disclosure of all parties involved and sources of funding within the Prince

George's County Department of Health's knowledge.

49      Due to the many years of neglect in investigating the tampering and biological irritant exposure,

lack of information pertaining to such harm, and no help provided in stopping the harm and harassment,

I am seeking $400,000 in noneconomic damages, which would be the maximum amount of damages

allowed under the LGTCA for an individual claim (LGTCA referenced only for the purposes of assessing and

analyzing my damages). The 2020 Maryland cap for noneconomic damages is $875,000. *Md. Code Ann.*

*Cts. Jud. Proc. § 11-108*.

50      This referencing case, *Bd. of Cnty. Comm'rs of St. Mary's Cnty. v. Marcas, LLC, 415 Md. 676 (4 A.3d*

*946 (Md., 2010)*, actually falls under LGTCA provides for Appellee plaintiff's negligence claim that sub-

surface gas and other volatile compounds migrated from the adjacent landfill property onto plaintiff's

property. The plaintiff asserts that each day of contamination should be considered separate claims for

damages, while the local government defendant argued that the sub-surface migration over time amounts

to one occurrence. *Id. at 947-48*. As of this day, *§ 5-303 (a)(1)* of the LGTCA provides for monetary caps of

400,000 per individual claim and $800,000 per total claims arising from the same occurrence. The terms

"individual claim" and "same occurrence" are not defined under LGTCA nor does it distinguish from

economic and non-economic damages. *4 A.3d 951* and see *Espina v. Jackson, 442 Md. 311, 112 A.3d 442*

*(Md. App., 2015)*, under Aggregation of Claims section *112 A.3d 464*. The Court concluded in this landfill

property case that the continuous gas and compound exposure occurred under steady and frequent

intervals, thus it would be considered one continuous same occurrence, one claim,  under *C.J. § 5-303(a)*.
*4 A.3d 957*.

51     In regards to my case, from June 20, 2017 to February 23, 2020, I submitted 72 county complaints
in regards to ongoing tampering and biological exposure. There has been various sorts of food and product
purchases involved with different location purchases and the biological irritant as well has been exposed
in multiple ways. Therefore, it is my position the neglect as provided that has resulted in the harm as
provided would merit a damages amount of at least one claim, therefore I am seeking $400,000.

52     Along with the years of ongoing harm and harassment, I have not been informed as to what I have
been exposed to and obviously did not consent to such inhumane and degrading treatment. Furthermore,
I have not received any sort of authoritative help to stop such things from happening and receive
insufficient medical care to completely reverse the harm being done. Aesthetically, the tampering has
altered my hormones and has drastically reduced my facial volume and body mass and any latent, future,
and long-term effects are unknown. The biological irritant exposure takes a tremendous amount of time
to clean and clear up when exposed to person and personal effects such as my home and papers. This
being done time and time again has resulted in extreme aggravation and anger and has compromised my
sense    of    security    and    safety,    resulting    in    a    diminished    quality    of    life.
*www.collinsdictionary.com/dictionary/english/quality-of-life* - the general well-being of a person or
society, defined in terms or health and happiness. **Cases herewithin this complaint obtained from the
Public Library of Law website; *www.plol.org***

53      Attached documents include my July 22, 2019 letter that was mailed by certified mail to the Prince

George's County Health Director Dr. Ernest L. Carter, a July 12, 2017 email from Debra Freeman of the

Food Protection Office of the local health department, my September 14, 2017 email to Sgt. Rodney Gause

of the Prince George's County Police (we spoke later by phone), my February 24, 2018 complaint to

Safeway's Corporate office, my April 4, 2019 chat email with Target, a July 25, 2019 string email with Dwan

Little of the Prince George's County Department of Health with county complaints attachment, a June 1,

2018 email with Dwan Little with attachments, my updated list of 72 county complaints, May 4, 2020 /

January 23, 2020 / January 13, 2020 county complaint responses (others are saved in my email), before

and after pictures that shows the drastic loss of facial volume, October 6, 2017 and October 14, 2010

medical letters from my primary care physical whom I intend to include as a witness this complaint, and

my Social Security letter. I am not able to do absolutely anything due to the constant harassment and

harm, to include anything socially, and the intentionally created problems also creates divisiveness with

immediate family members, therefore I am seeking to recover the provided damages and injunctive relief.

12/04/2020
Date

_Nicole Y. Winston_

Nicole Y. Winston, Pro Se Plaintiff
12303 Proxmire Drive
Fort Washington, MD 20744
(301) 747-8785

22

**Affidavit**

The State of Maryland

Prince George's County

I, Nicole Yvette Winston of Fort Washington, MD, am submitting this Civil and Constitutional Complaint that is true and accurate to the best of my recollection. I certify that:

(1) this legal document is not for any improper purpose, such as harassment;

(2) that the claims and other legal contentions therein are warranted by existing law; and

(3) that the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *FRCP Rule 11 (b)*

**SUBSCRIBED AND SWORN TO**

**BEFORE ME**, on the   3rd December, 2020
                          Date

Notary Public

My commission expires   10 / 02 / 2023

EUISHIK KIM
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
MY COMMISSION EXPIRES 10-02-2023

**In the United States Court for the District of Maryland**

Nicole Y. Winston
12303 Proxmire Drive
Fort Washington, MD 20744
(Prince George's County)

>       *Plaintiff*

v.                                                       Civil Action:_____

Prince George's County Department of Health
Dr. Ernest L. Carter, Health Officer
1701 McCormick Drive, Ste. 200
Upper Marlboro, MD 20774
(Prince George's County)

>       *Defendant*

**Certificate of Service**

I certify that by/on _____ I will serve (by certified mail restricted delivery) this Civil and Constitutional Complaint pursuant to *FRCP Rule 4(j)* to agency Defendant, Prince George's County Department of Health, by way of its Health Officer Dr. Ernest L. Carter, located at 1701 McCormick Drive, Ste. 200, Upper Marlboro, MD 20774.

>       _____
>       Nicole Y. Winston, Pro Se Plaintiff
>       12303 Proxmire Drive
>       Fort Washington, MD 20744
>       (301) 747-8785